## JASPER PARKS *et al.* v. THOMAS FRAHM.

HOMESTEAD—*Valid Mortgage—Delay—Lien.* P. and wife entered into negotiations for a loan of $1,000, and to that end a note for that amount was signed, and a mortgage to secure the same upon their homestead was executed. The mortgage was filed for record, but before the transaction was completed an incumbrance upon the property was discovered, and the closing of the loan was postponed until the title could be cleared. By mutual consent, the note first signed was destroyed, but the mortgage was left uncanceled. Twenty days afterward, when the incumbrance was released, another note, identical in every particular with the first, was signed, in which reference was made to the mortgage which had been filed for record, and upon both the loan was made and the transaction completed. *Held,* That the delay in completing the transaction and the substitution of one note for another did not operate to invalidate the mortgage as a security for the loan which was made.

### *Error from Rooks District Court.*

ACTION by *Thomas Frahm* to obtain a personal judgment against *Jasper Parks* and *Mary Parks* upon a debt of $1,000, and to foreclose a mortgage given to secure that debt. At the trial, special findings of fact and conclusions of law were made by the court, as follows:

" 1. That the defendants, Jasper Parks and Mary Parks,

are husband and wife, residents of the state of Kansas, and that during the month of July, 1886, and for several years prior thereto, and for a time subsequent to that date, they have occupied the land in question, being the southwest quarter of section 20, township 9 south, of range 16 west, in Rooks county, Kansas, which is 160 acres of farming land, as their homestead.

" 2. That during the year 1886, one W. F. Schulthers was a resident of the city of Stockton, Rooks county, Kansas, and was engaged in the business of making farm loans.

" 3. That during the month of July, 1886, the defendant Jasper Parks entered into negotiations with Schulthers, as the agent of the plaintiff herein, to procure from Schulthers, as such agent, a loan of. $1,000 in money; that an agreement was consummated between the parties whereby Schulthers was to loan said amount of money to Parks, which loan was to run five years, and was to draw 9 per cent. interest, payable semiannually. Said loan was to be secured by a real-estate mortgage or trust deed, to be executed and delivered by Parks and wife, on the land in question.

" 4. That on the 7th day of July, 1886, the defendants, Jasper Parks and his wife, Mary Parks, came to the city of Stockton, and made, executed and delivered their certain bond for $1,000, with interest coupons attached, which bond by its terms drew 7 per cent. interest; that at the same time they also executed 10 interest notes of $10 each, which said interest notes represented 2 per cent. on the $1,000 borrowed, said 2 per cent. per annum being payable in semiannual installments of $10 each; that to secure the payment of the money so borrowed, or to be borrowed, defendants Jasper Parks and his wife, Mary, on said 7th day of July, 1886, executed their two several mortgages, or trust deeds, one to secure the principal sum of $1,000, with interest at 7 per cent. per annum, interest payable semiannually, which mortgage is the mortgage in question, and is drawn in favor of one Thomas Frahm; that to secure the payment of the interest notes, the 10 interest notes above referred to, at the same time they executed to said Schulthers their certain second, or third, mortgage, covering the same property, which mortgage was drawn payable to W. H. Lanning.

" 5. The court finds that original indebtedness of $1,000, or the original bond representing the principal indebtedness of $1,000, and the first mortgage as above described, or trust

deed, was executed in the name of W. H. Lanning, as trustee for Thomas Frahm, *cestui que trust,* and that the interest notes were drawn in the name of said W. H. Lanning, and the said second mortgage drawn in his name also.

"6. The court further finds, that on said 7th day of July, 1886, the said trust deed and mortgage was duly filed for record in the office of the register of deeds of Rooks county, Kansas.

"7. The court further finds, that the bond representing the principal indebtedness, with its interest coupons, as also the 10 interest notes, were dated as of the 1st day of July, 1886.

"8. That the said defendants, Jasper Parks and Mary Parks, executed the said trust deed and mortgage for the purpose and with the intent that the same should be so used by said Jasper Parks in procuring from said Schulthers, as the agent of the plaintiff, the sum of $1,000, to be used by said Parks in the payment of divers individual debts of his own, and that they were delivered to Schulthers for that purpose.

"9. That by reason of the existence of certain judgments, which were of record in the office of the district clerk of Rooks county, Kansas, on the 7th day of July, 1886, the said loan was not completed on that date, the parties at that time being unable to procure the release of such judgments, and the plaintiff, through his agent, said Schulthers, being unwilling to make said loan until those judgments were canceled of record, such judgments having been filed previous to the 7th day of July, 1886.

10. That on said 7th day of July, 1886, at the request of the defendants, said Schulthers destroyed the notes and bonds on that date executed by them, but failed to release of record the mortgage given for the purpose of securing the claimed indebtedness represented by such bond and notes.

"11. That, after the destruction of the said notes, it was understood between Schulthers and the defendant Jasper Parks that such loan should be completed some time in the near future, or as soon as the judgments which were then on record against him as above described were canceled and satisfied, so that the title should show clear as against him and against this piece of land; that afterward, on or about the 27th day of July, 1886, said Schulthers prepared and delivered to the defendant Jasper Parks a second series of notes and bond, which were identical in all respects with the bond and notes originally executed by Parks and wife, which second series

of notes were taken by Parks to his home in Corning township, Rooks county, Kansas, and was there executed by himself and wife, the defendant Mary Parks, the notes and bond having been signed by Jasper Parks, at his store in Motor, Kas., and by his wife, Mary Parks, at home, a few miles distant therefrom.

"12. That the bond was executed by the parties on the 27th day of July, 1886, was plainly written or printed, and that it contained a stipulation in the following words: 'It is expressly agreed and declared, that this note is secured by trust deed on real estate duly recorded' — the said bond bearing date, July 1, 1886, and being for $1,000, drawing interest at 7 per cent., interest payable semiannually; said bond and coupons and 10 several notes each and all bearing date of July 1, 1886, and were in all respects identical in their terms with the bond, coupons and interest notes executed by Jasper Parks and his wife, Mary, on July 7, 1886, which were on that day destroyed, as stated in the above finding.

"13. The court further finds, that after the execution of said bonds they were delivered by Jasper Parks, the defendant, to Schulthers, who thereupon delivered to him the amount of the face of said bond, being $1,000, less the sum of 60 cents, which was deducted as the cost of filing and recording the final receiver's receipts; that said defendant, Jasper Parks, received said money in the form of checks on the State Bank of Stockton, the greater portion of which checks he used in the payment of the judgments heretofore referred to, and which judgments were released on the day of payment, to wit, the 27th day of July, 1886, which release was antedated to the 7th day of July, 1886, the date of the filing and recording of the trust deed and the mortgage herein above referred to; that the balance of the proceeds of said loan were used by Jasper Parks in his business, he then being engaged in mercantile business in the town of Motor, Rooks county, Kansas.

"14. The court finds that the 10 interest notes which were secured by a mortgage to W. H. Lanning were a part of the interest on the loan of $1,000, and that they gave a bond with coupons, and represented one and the same transaction.

"15. The court further finds, that the defendant Jasper Parks paid the installments and all interest due on said loan and mortgage which installments fell due January 1, 1887, July 1, 1887, and January 1, 1888; that he made default in

the payment of the July 1, 1888, installment of interest; and thereupon suit was instituted in the district court of Rooks county, Kansas, on the mortgage given by Parks and originally executed by Parks and wife, which had never been released of record, to enforce the payment of the balance due on said 10 several notes, which then amounted to some $72 or $73, and foreclosed the said mortgage, or second lien; that in said action personal service of summons was had on both the defendants, Jasper and Mary Parks; that they made default, and judgment was taken against them for the amount in said notes, to the amount of about $73, and a decree of foreclosure of said mortgage entered, ordering said land to be sold to satisfy the judgment so rendered; that no sale of the premises under said decree has been had; that said judgment and decree of foreclosure is still existing, unreversed and unmodified, and no steps have ever been taken to appeal from such judgment and decree.

"16. That afterward said defendant defaulted in the payment of the July, 1888, installment of interest on said principal note of $1,000; whereupon suit was brought in the district court of Rooks county, Kansas, to enforce the payment of the interest due on the principal sum, and for a decree foreclosing the trust deed herein above referred to, which suit was instituted on March 13, 1889, and is the one in question.

"17. The court further finds, that at the time of the execution of this trust deed and mortgage herein referred to, and also the several notes and bonds and coupons, the defendants, Jasper Parks and wife, had no other real estate, except a few lots in the town of Motor, Kas., and that the only trust or mortgage that was ever executed by them, or either of them, for the purpose of securing this indebtedness, was the trust deed and mortgage executed on the 7th day of July, 1886, which trust deed and mortgage were dated July 1, 1886.

"18. And the court further finds, that all of the allegations and averments contained in the petition of said plaintiff, filed herein, are true, and that there is due from the said defendants, Jasper Parks and Mary Parks, to the said plaintiff, on the notes and mortgage sued on in this action, the sum of $1,271.60, and that said notes specify that said indebtedness shall bear interest at the rate of 12 per cent. per annum, and that said mortgage has the words 'appraisement waived' therein inserted. And the court further finds, that said plain-

tiff has a first lien on the lands and tenements in said petition described, by virtue of the mortgage in said petition set out, to secure the payment of said indebtedness.

"It is therefore considered, ordered and adjudged by the court, that the said plaintiff do have and recover of and from the said defendants, Jasper Parks and Mary Parks, the said sum of $1,271.60, the amount so, as aforesaid, found due to said plaintiff, and the costs herein, taxed at $——, and that said judgment for $1,271.60 bear interest at the rate of 12 per cent. per annum from January ——, 1890."

The court thereupon decreed a foreclosure and sale of the premises, and provided for the proper application of the proceeds of such sale. Exceptions were taken by the defendants to the findings and the decision of the court, and with a view of obtaining a review and reversal they have brought the proceeding.

*W. B. Ham*, for plaintiffs in error.

*M. C. Reville*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: From the record, it appears that Jasper Parks and wife entered into negotiations to procure a loan of $1,000, which was to run five years, at 9 per cent. interest, payable semiannually, and was to be secured by a mortgage upon their homestead. Separate notes were to be given for 2 per cent. of the interest which was to accrue, and what is presumably a commission mortgage upon the same property was to be executed as security for the last-named notes. The preparation of the papers was begun on July 7, 1886, and upon that day the notes and mortgages were first signed by Parks and his wife. After the papers had been signed and the mortgages filed for record, but before the money was paid, some unsatisfied incumbrances were discovered upon the record which prevented the immediate completion of the transaction. It was found to be necessary to defer further action for several days, until the record title of the land could be cleared, and by mutual arrangement the $1,000 note which

had been signed was destroyed, but the mortgage, which had been filed for record, was left uncanceled. About 20 days afterward, when the incumbrances which have been mentioned were released and discharged, another note, identical in every particular, was signed, and substituted for the one destroyed, and the loan having been perfected, the money was paid to the mortgagors. The note for $1,000 and the above-mentioned mortgage were made to correspond in date — that is, they were dated back to July 1, 1886 — and in each reference was made to the other, thus showing that they were part of a single transaction.

The contention is, that when the first note was destroyed the mortgage was extinguished, and that the execution of the second note did not operate to revive the extinguished lien. The court correctly held that the motgage was an existing obligation, and that it created a valid lien upon the property described therein. The validity of a mortgage does not require that it and the note should have been contemporaneously signed. The making of the note, the execution of the mortgage, and the delivery of both in exchange for the money borrowed, all together constituted a single transaction. Each is a step taken in effecting a loan, and none of them is effective, at least as between these parties, until the transaction has been completed. While the note and mortgage were signed and the mortgage filed for record, they were not delivered in exchange for money, and until that time there was no liability against Parks and wife nor any lien against their property. The note is said to be an evidence of debt, and the mortgage given in security an incident of the same, but there was no debt until the money was obtained, and the mortgage had no legal inception between mortgagors and the mortgagee until it had been delivered as security for money actually loaned by the mortgagee. The lapse of a few hours or a few days between the execution of the note and mortgage is immaterial, providing that their execution was with reference to each other and as a part of a single negotiation or transaction. If within a few minutes after the note and mortgage were executed, but

before the loan was completed, it had been ascertained that a word used in the note was incorrectly spelled, and the note was therefore torn up and another substituted, which, except for the correction, was identical in every particular with the first, would it be contended that, because of the substitution, another mortgage must be executed? It cannot be said that the lien was extinguished by the destruction of the first note, or revived by the execution of the second. The mortgage, as we have seen, did not amount to a lien until the loan was completed by the payment of the money and the delivery of both note and mortgage. The mortgage was given to secure a loan of $1,000. It was the same loan which was in the minds of all the parties throughout the negotiations. The substitution of one note for another did not change the character of the proposed loan, nor affect the relations of the parties. In the second note that was negotiated, there was an express declaration that it was secured by the mortgage, duly recorded, so that there was no misapprehension, nor was there any prejudice by reason of the delay of 20 days in completing the loan and in closing the transaction. The judgment of the district court will be affirmed.

All the Justices concurring.